# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## Case Nos. 23-2(L) and 23-3

---

## UNITED STATES OF AMERICA, Plaintiff-Appellee

### v.

## CHADRICK EVAN. FULKS, Petitioner-Appellant

---

## UNITED STATES OF AMERICA, Plaintiff-Appellee

### v.

## BRANDON L. BASHAM, Petitioner-Appellant

---

## UNOPPOSED MOTION FOR SIXTY-DAY EXTENSION OF TIME TO FILE INITIAL BRIEF FOR APPELLANTS AND JOINT APPENDIX

---

Appellants, Chadrick Fulks and Brandon Basham, through counsel, respectfully move this Court for a sixty-day extension of time from the current May 1, 2023, due date for filing of the initial brief and the joint appendix. Counsel for the Government (Appellee) does not oppose the granting of this motion. In support, Appellants state the following:

1. Appellants are federal prisoners at the United States Penitentiary at Terre Haute under a sentence of death. They were convicted and sentenced to death in the United States District Court for the District of South Carolina. Their

convictions and death sentences were affirmed by this Court on direct appeal. *United States v. Fulks*, 454 F.3d 410 (4th Cir. 2010); *United States v. Basham*, 561 F.3d 302 (4th Cir. 2009). Appellants filed motions to vacate their convictions and sentence pursuant to 28 U.S.C. § 2255, which were denied. The denials of relief were affirmed on appeal. *United States v. Fulks*, 683 F.3d 512 (4th Cir. 2012); *United States v. Basham*, 789 F.3d 358 (4th Cir. 2015).

2.      In 2016, both Appellants requested and were granted permission to file successor § 2255 motions based on *Johnson v. United States*, 576 U.S. 591 (2015). On January 10, 2023, the lower court denied relief to both Appellants. The instant appeal followed.

3.      This Court consolidated Mr. Fulks's appeal with that of Mr. Basham, and the two will submit a single brief in support of their respective appeals.

4.      Appellants' initial brief and the joint appendix are currently due on May 1, 2023. Appellants are respectfully requesting an additional sixty days, up to and including June 30, 2023, to submit their initial brief.

5.      Appellants' appeals are complex. Appellants challenge their convictions under 18 U.S.C. §§ 924(c) and (o) in the wake of *Johnson*; *United States v. Davis*, 139 S. Ct. 2319 (2019); *Borden v. United States*, 141 S. Ct. 1817 (2021); and *United States v. Taylor*, 142 S. Ct. 2015 (2022). Sections 924(c) and (o) require the use of a firearm in a crime of violence as defined by the so-called

"force clause" of § 924(c)(3)(A), which requires a potential predicate offense to have, as an element, the use, threatened use, or attempted use of force before the predicate crime can serve as the basis for a § 924(c) or (o) conviction. Appellants must address whether the elements of the federal carjacking statute have, as an element of the offense, the knowing or purposeful use of violent force that *Borden* requires for an offense to be a crime of violence. Appellants must also address whether carjacking by actual taking and carjacking by attempt are indivisible from each other, and thus, can be committed without the use, attempted use, or threatened use of force required by § 924(c)(3)(A)'s force clause. Appellants must address whether their § 924 convictions were based on their kidnapping convictions, rather than their carjacking convictions, as kidnapping is not a crime of violence. Finally, Appellants must address whether, if the § 924 convictions are found to be invalid, these invalid convictions undermine the validity of their death sentences and warrant penalty phase relief. Appellants' counsel need additional time to conduct the thorough research and careful drafting needed to provide this Court with professionally adequate briefing on these subjects.

6.      Additionally, counsel for Appellants have a number of competing obligations that have prevented counsel from completing the initial brief. On March 17, 2023, pursuant to a court-imposed deadline, counsel for Mr. Fulks submitted a request to deauthorize the death penalty to the Department of Justice in

a separate federal death penalty case. On April 17, 2023, in a different capital case, counsel for Mr. Fulks filed a brief in a capital post-conviction proceeding with the Supreme Court of Pennsylvania. Both submissions required a significant amount of time to research and draft and could not be postponed. Given the proximity of these other two obligations, counsel's preparation of the initial brief for Appellants was delayed.

7.     Like counsel for Mr. Fulks, counsel for Mr. Basham has conflicting deadlines and obligations. Counsel has a petition for writ of certiorari due May 4, 2023. In addition, counsel for Mr. Basham are supervisors in the Capital Habeas Unit, which involve numerous administrative duties, including training, travel, expert, staff and budget issues, which have also taken time away from completing this opening brief.

8.     On April 25, 2023, Kathleen Stoughton, Esq., who represents the Government in this matter, indicated that the Government has no objection to this request.

WHEREFORE, Appellants Fulks and Basham respectfully request that their motion for a sixty-day extension of time be granted, that they be permitted to file their initial brief and the joint appendix on or before June 30, 2023.

Respectfully submitted,

/s/ Peter Williams
PETER WILLIAMS
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: 215.928.0520
Fax: 215.928.0826
pete_williams@fd.org

Dated: April 25, 2023

# CERTIFICATE OF SERVICE

I, Peter Williams, hereby certify that, on this day, I served the foregoing

document by ECF filing on the following party:

        Kathleen Stoughton, Esq.
        Office of the United States Attorney
        1441 Main Street, Suite 500
        Columbia, SC 29201


        /s/ Peter Williams
        Peter Williams


Dated:  April 25, 2023