No. 23-2 (L)

# In the United States Court of Appeals for the Fourth Circuit

———————————

UNITED STATES OF AMERICA,

Appellee,

v.

CHADRICK E. FULKS AND BRANDON BASHAM,

Appellants.

———————————

On Appeal from the United States District Court
for the District of South Carolina

———————————

SUPPLEMENTAL APPENDIX FOR THE UNITED STATES

CAPITAL CASE

ADAIR F. BURROUGHS
United States Attorney
District of South Carolina

KATHLEEN M. STOUGHTON
Assistant U.S. Attorney
District of South Carolina

NICOLE M. ARGENTIERI
Acting Assistant Attorney General

LISA H. MILLER
Deputy Assistant Attorney General

THOMAS E. BOOTH
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Penn. Ave.; Room 1511
Washington, DC 20530
(202) 514-5201
Thomas. Booth@usdoj.gov

**TABLE OF CONTENTS**

Page

11/1/2004  Trial Transcript Excerpts, pp. 46-47, 192-220 (Dkt. 971) .............. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA,　　　)　　CR. NO. 4:02-992
　　　　　　　　　　　　　　　　　)　　COLUMBIA, SC
　　　　　　　　　　　　　　　　　)　　NOVEMBER 1, 2004
　　　　　　　　　　　　　　　　　)
　　　VERSUS　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
BRANDON L. BASHAM,　　　　　　　)
　　　　　DEFENDANT.　　　　　　　)
_____)

BEFORE THE HONORABLE JOSEPH F. ANDERSON, JR.,
CHIEF UNITED STATES DISTRICT COURT JUDGE
JURY TRIAL XXIX


APPEARANCES:

FOR THE GOVERNMENT:　　　　　SCOTT SCHOOLS, FIRST AUSA
　　　　　　　　　　　　　　　JONATHAN S. GASSER, AUSA
　　　　　　　　　　　　　　　JOHN DUANE, AUSA
　　　　　　　　　　　　　　　UNITED STATES ATTORNEY'S OFFICE
　　　　　　　　　　　　　　　1441 MAIN STREET, SUITE 500
　　　　　　　　　　　　　　　COLUMBIA, SC　29201

FOR THE DEFENDANT:　　　　　JACK SWERLING, ESQ.
　　　　　　　　　　　　　　　STEVE HISKER, ESQ.
　　　　　　　　　　　　　　　1720 MAIN STREET
　　　　　　　　　　　　　　　SUITE 301
　　　　　　　　　　　　　　　COLUMBIA, SC　29201

　　　　　　　　　　　　　　　GREG HARRIS, ESQ.
　　　　　　　　　　　　　　　1720 MAIN STREET
　　　　　　　　　　　　　　　SUITE 301
　　　　　　　　　　　　　　　COLUMBIA, SC　29201


COURT REPORTER:　　　　　　　DEBRA R. JERNIGAN, RPR, CRR
　　　　　　　　　　　　　　　UNITED STATES COURT REPORTER
　　　　　　　　　　　　　　　901 RICHLAND STREET
　　　　　　　　　　　　　　　COLUMBIA, SC 29201




STENOTYPE/COMPUTER-AIDED TRANSCRIPTION
*** *** *** ***

IN THE WOODS OF NORTH OR SOUTH CAROLINA, WHEREVER SHE MAY BE. ON THOSE DAYS, IT WAS THE LAW, ACCORDING TO BRANDON BASHAM AND CHAD FULKS, THAT PREVAILED. THEIR LAW, THEIR RULES, THEIR CHOICES. BRANDON BASHAM AND CHAD FULKS WERE ALICE DONOVAN'S JUDGE, THEY WERE ALICE DONOVAN'S JURY, AND THEY WERE ALICE DONOVAN'S EXECUTIONERS. THE TRAVESTY OF IT ALL, LADIES AND GENTLEMEN, IS THAT ALICE DONOVAN AND SAMANTHA BURNS TRULY WERE INNOCENT WOMEN. YOU CAN'T CHANGE THAT. YOU CAN'T CHANGE THAT. BUT YOU CERTAINLY HAVE THE POWER AND THE AUTHORITY TO REACH A VERDICT THAT HOLDS BRANDON BASHAM ACCOUNTABLE FOR HIS ACTIONS. AND THAT IS EXACTLY WHAT WE ARE GOING TO ASK YOU TO DO LATER ON THIS AFTERNOON IS HOLD HIM ACCOUNTABLE FOR HIS ACTIONS.

NOW THE LAW, IN GENERAL. BEFORE YOU CAN EVEN CONSIDER SENTENCING MR. BASHAM TO DEATH BY LAW, PROCEDURALLY, YOU HAVE TO FIND -- TAKE CERTAIN STEPS, AND THE JUDGE HAS ALREADY KIND OF DESCRIBED THOSE STEPS FOR YOU IN HIS INITIAL CHARGE TO YOU. YOU NEED TO TAKE CERTAIN STEPS BEFORE YOU CAN EVEN CONSIDER THE DEATH PENALTY AND MAKE CERTAIN FINDINGS BEYOND A REASONABLE DOUBT. THOSE ARE COMMONLY REFERRED TO AS GATEWAY FACTORS. THERE ARE BASICALLY THREE GATEWAY FACTORS THAT YOU JURORS UNANIMOUSLY MUST FIND BEYOND A REASONABLE DOUBT BEFORE YOU CAN EVEN CONSIDER SENTENCING MR. BASHAM TO DEATH. THE FIRST GATEWAY FACTOR IS THAT YOU MUST FIND, AT THE TIME THAT HE COMMITTED THE CRIMES OF CARJACKING, RESULTING IN DEATH, AND

KIDNAPPING RESULTING IN DEATH, YOU MUST FIND THAT MR. BASHAM WAS 18 YEARS OLD AT THAT TIME. THAT HAS OBVIOUSLY BEEN AGREED UPON. HE WAS 21 YEARS, AT THE TIME. THAT IS NOT AN ISSUE THAT YOU MUST DECIDE. TECHNICALLY, YOU HAVE TO DECIDE ON THAT, VOTE ON THAT, CHECK IT OFF.

SECOND GATEWAY FACTOR THAT YOU MUST FIND UNANIMOUS BEYOND A REASONABLE DOUBT, WHICH IS KNOWN AS A THRESHOLD INTENT FACTOR. I AM GOING TO GET INTO THAT IN A MOMENT. THERE WILL BE A CHART UP HERE IN A MOMENT. I WILL GET INTO THAT IN A MOMENT. THE JUDGE WILL CHARGE YOU THAT YOU JURORS ARE ONLY ALLOWED TO FIND ONE. NOW, THE GOVERNMENT SUBMITS TO YOU THAT THERE IS ACTUALLY EVIDENCE IN WHICH YOU JURORS COULD FIND FOUR OR ALL FOUR OF THEM. BUT, AS A MATTER OF LAW, YOU ARE ONLY REQUIRED TO FIND ONE. AND ONCE YOU FIND ONE, ONCE YOU FIND WHICH ONE IS THE MOST APPROPRIATE FOR THIS CASE, YOU CAN ONLY FIND ONE. YOU CAN ONLY SELECT ONE, DESPITE THE FACT THAT THERE IS EVIDENCE YOU BELIEVE THERE ARE TWO, OR THREE, OR ALL FOUR PRESENT.

ONCE YOU FIND HE IS 18 YEARS OLD AT THE TIME THE CRIME WAS COMMITTED, THEN YOU GO TO THE THRESHOLD INTENT FACTOR. SELECT ONE OF THE THRESHOLD INTENT FACTORS THAT IS PRESENT IN THIS CASE. I WILL GET TO THOSE AGAIN ON HOW THE EVIDENCE SUGGESTS THAT AT LEAST ONE, IF NOT MORE OF THOSE FACTORS ARE PRESENT.

THE THIRD, THIRD GATEWAY FACTOR YOU MUST FIND BEYOND A REASONABLE DOUBT UNANIMOUSLY, THE PRESENCE OF THE STATUTORY

**SA 3**

MISTRIAL, WE WOULD ASK FOR A CURATIVE INSTRUCTION.

THE COURT: ALL RIGHT. I THINK IT IS ALL FOR THE JURY TO DECIDE. I WILL DECLINE THAT REQUEST. ALL RIGHT. LET'S TAKE A 10-MINUTE RECESS.

(WHEREUPON, A SHORT RECESS WAS HELD.)

THE COURT: BEFORE WE BRING IN THE JURY, I ASKED MY DOCKET CLERK TO HAVE BOTH SIDES LOOK OVER THE ORIGINAL VERDICT FORM TO MAKE SURE THERE ARE NO GLITCHES OR PROBLEMS THAT ANYONE IS AWARE OF.

IS EVERYBODY SATISFIED WITH THE VERDICT FORM, MR. SCHOOLS?

MR. SCHOOLS: YES, SIR.

THE COURT: MR. HARRIS?

MR. HARRIS: YES.

THE COURT: I ALSO UNDERSTAND THAT YOU HAVE ALREADY AGREED THAT WE HAVE ALL OF THE PROPER EXHIBITS ASSIMILATED AND READY TO GO INTO THE JURY DURING THEIR DELIBERATIONS, CORRECT?

MR. SCHOOLS: YES, SIR.

MR. HARRIS: YES, SIR.

THE COURT: VERY GOOD.

PLEASE BRING IN THE JURY.

(WHEREUPON, THE FOLLOWING WAS HEARD IN THE PRESENCE OF THE TRIAL JURY.)

THE COURT: MEMBERS OF THE JURY, I WILL NOW INSTRUCT YOU ON THE LAW. AS YOU KNOW, OBVIOUSLY, WE HAVE GIVEN YOU A WRITTEN SET OF MY INSTRUCTIONS THAT YOU MAY USE TO FOLLOW

**SA 4**

ALONG WITH, IF YOU CHOOSE TO DO SO.   YOU DON'T HAVE TO, BUT YOU ARE CERTAINLY ALLOWED TO FOLLOW ALONG WITH ME ON THE WRITTEN PAGES.   IF YOU FOLLOW ALONG WITH ME, STAY WITH ME, PLEASE DO NOT READ AHEAD.

MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL OF THE EVIDENCE IN THE CASE AND THE ARGUMENTS OF THE ATTORNEYS, IT BECOMES MY DUTY TO INSTRUCT YOU ON THE RULES OF LAW THAT YOU MUST FOLLOW IN ARRIVING AT YOUR DECISION AS TO WHETHER THE DEFENDANT, BRANDON LEON BASHAM, COULD BE SENTENCED TO LIFE IN PRISON WITHOUT THE POSSIBILITY OF RELEASE OR SENTENCED TO DEATH.   NO OTHER LESSER SENTENCE IS AUTHORIZED UNDER THE LAW FOR THE OFFENSES OF WHICH THE DEFENDANT HAS BEEN FOUND GUILTY. YOUR UNANIMOUS FINDING OF GUILT IN THE PREVIOUS GUILT PHASE OF THIS TRIAL ENSURES THAT HE WILL BE PUNISHED WITH ONE OF THE TWO MOST SEVERE PUNISHMENTS AVAILABLE UNDER LAW.

AS YOU KNOW, THE DEFENDANT HAS BEEN FOUND GUILTY TO TWO OFFENSES FOR WHICH THE DEATH PENALTY IS AVAILABLE: CARJACKING, RESULTING IN DEATH AND KIDNAPPING, RESULTING IN DEATH.   YOU WILL HAVE TO DECIDE THE APPROPRIATE PUNISHMENT AND RETURN INDIVIDUAL VERDICTS FOR EACH OF THE TWO COUNTS. THE INSTRUCTIONS THAT I GIVE YOU TODAY APPLY EQUALLY TO BOTH COUNTS.   I REMIND YOU THAT, AT THE TIME YOU WERE SELECTED AS JURORS, EACH OF YOU ASSURED ME THAT YOU WOULD FOLLOW THE LAW AS I TOLD YOU IT APPLIED.   IT IS IMPERATIVE THAT YOU DO THAT. REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW IS,

**SA 5**

OR SHOULD BE, IT WOULD BE A VIOLATION OF YOUR OATHS, AS JURORS, TO BASE YOUR VERDICT UPON ANY OTHER VIEW OF THE LAW THAN WHAT I GIVE YOU IN THESE INSTRUCTIONS. YOU AND YOU ALONE WILL DECIDE WHETHER THE DEFENDANT SHOULD BE SENTENCED TO LIFE IN PRISON OR EXECUTED.

THE LAW DOES NOT DECIDE WHICH IS THE APPROPRIATE SENTENCE. THE LAW DOES NOT ASSUME THAT EVERY DEFENDANT WHO IS FOUND GUILTY OF COMMITTING A CAPITAL CRIME SHOULD BE SENTENCED TO DEATH. NOR DOES THE LAW PRESUME THAT THIS DEFENDANT, IN PARTICULAR, SHOULD BE SENTENCED TO DEATH. RATHER, YOUR DECISION ON THE QUESTION OF PUNISHMENT IS A DECISION WHICH THE LAW IN THE FINAL ANALYSIS LEAVES UP TO YOU.

I WILL NOT BE ABLE TO CHANGE ANY DECISION THAT YOU REACH REGARDING THE SENTENCE FOR MR. BASHAM. THUS, I STRESS THE IMPORTANCE OF YOUR GIVING CAREFUL, THOUGHTFUL, AND THOROUGH CONSIDERATION TO ALL OF THE EVIDENCE YOU HAVE RECEIVED IN THIS PHASE OF THE CASE. I REMIND YOU THAT THE DEATH PENALTY IS NEVER MANDATORY: NONE OF YOU INDIVIDUALLY, NOR THE JURY COLLECTIVELY, IS EVER REQUIRED TO IMPOSE A SENTENCE OF DEATH.

I HAVE PREPARED A FULL SET OF INSTRUCTIONS ON THE APPLICABLE LAW IN ORDER TO ENSURE THAT YOU ARE CLEAR IN YOUR DUTIES AT THIS STAGE OF THE CASE. I HAVE ALSO PREPARED TWO VERDICT FORMS THAT DETAIL SPECIAL FINDINGS THAT YOU ARE ASKED TO MAKE, AND THE POSSIBLE DECISIONS YOU CAN RENDER AS TO EACH OF THE OFFENSES OF WHICH THE DEFENDANT HAS BEEN FOUND GUILTY.

**SA 6**

THIS IS A COMPLICATED PROCESS, SO YOU WILL NEED TO PAY CLOSE ATTENTION.

YOU, THE JURY, ARE THE SOLE JUDGES OF THE FACTS IN THIS TRIAL. YOU MAY DECIDE ISSUES OF THE CREDIBILITY OF WITNESSES AND WHETHER OR NOT TO ACCEPT ANY PIECE OF EVIDENCE AS TRUE AND WHAT AMOUNT OF WEIGHT TO GIVE IT, IF ANY. YOU MAY ONLY CONSIDER EVIDENCE, INCLUDING TESTIMONY, DOCUMENTS, AND STIPULATIONS BETWEEN THE PARTIES, RECEIVED IN THIS COURTROOM IN MAKING YOUR DETERMINATION. THE EVIDENCE YOU MAY CONSIDER INCLUDES ALL EVIDENCE RECEIVED DURING BOTH THE GUILT PHASE AND THE PENALTY PHASE OF THIS TRIAL.

THE ARGUMENTS OF THE ATTORNEYS AND THE COMMENTS AND RULINGS OF THE COURT ARE NOT EVIDENCE. YOU MAY CONSIDER BOTH DIRECT AND CIRCUMSTANTIAL EVIDENCE, AND YOU MAY USE YOUR COMMON SENSE, GOOD JUDGMENT, AND LIFE EXPERIENCE IN DETERMINING WHETHER THE THRESHOLD INTENT, AGGRAVATING, OR MITIGATING FACTORS ARE ESTABLISHED.

DIRECT EVIDENCE IS EVIDENCE THAT A WITNESS TESTIFIES TO AS TO WHAT THE WITNESS SAW, HEARD, OR OBSERVED. IN OTHER WORDS, WHEN A WITNESS TESTIFIES ABOUT WHAT IS KNOWN TO THE WITNESS OF THE WITNESS'S OWN KNOWLEDGE, OR BY VIRTUE OF HIS OR HER OWN SENSES, WHAT HE OR SHE SEES, FEELS, TOUCHES, OR HEARS, THAT IS DIRECT EVIDENCE.

CIRCUMSTANTIAL EVIDENCE IS EVIDENCE WHICH TENDS TO PROVE A FACT BY PROOF OF OTHER FACTS. CIRCUMSTANTIAL EVIDENCE, IN

**SA 7**

OTHER WORDS, IS INFERRED FROM THE EXISTENCE OR THE NONEXISTENCE OF SOME OTHER ESTABLISHED FACT.

CIRCUMSTANTIAL EVIDENCE IS OF NO LESS VALUE THAN DIRECT EVIDENCE.  AS A GENERAL RULE,  THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE.  THE WEIGHING PROCESS THAT YOU ARE CALLED UPON TO UNDERTAKE IN THIS PART OF THE TRIAL IS DIFFERENT THAN THE FACT-FINDING PROCESS.  IF YOU FIND THE THRESHOLD INTENT,  AGGRAVATING, AND MITIGATING FACTORS,  YOU MUST USE YOUR EXPERIENCE,  JUDGMENT,  AND COMMON SENSE IN WEIGHING THE AGGRAVATING AND MITIGATING FACTORS TO ARRIVE AT YOUR ULTIMATE DETERMINATION IN THIS CASE.

YOU HAVE HAD AN OPPORTUNITY TO OBSERVE ALL OF THE WITNESSES, AND IT IS NOW YOUR JOB TO DECIDE HOW BELIEVABLE EACH WITNESS WAS.  YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF EACH WITNESS, AND OF THE IMPORTANCE OF HIS OR HER TESTIMONY.  IN MAKING THOSE JUDGMENTS, YOU SHOULD CAREFULLY SCRUTINIZE ALL OF THE TESTIMONY OF EACH WITNESS,  THE CIRCUMSTANCES UNDER WHICH EACH WITNESS TESTIFIED,  AND EVERY MATTER IN EVIDENCE WHICH MAY HELP YOU TO DECIDE THE TRUTH AND THE IMPORTANCE OF EACH WITNESS'S TESTIMONY.  YOU MAY BELIEVE ALL OF WHAT A WITNESS SAID, OR ONLY PART OF IT,  OR NONE OF IT.

IN DECIDING WHAT TESTIMONY OF ANY WITNESS TO BELIEVE, CONSIDER THE WITNESS'S INTELLIGENCE,  THE OPPORTUNITY THE WITNESS HAD TO SEE OR HEAR THE THINGS TESTIFIED ABOUT,  THE

**SA 8**

WITNESS'S MEMORY, AND THE EXTENT TO WHICH THE TESTIMONY IS CONSISTENT WITH OTHER EVIDENCE THAT YOU BELIEVE.

YOUR DECISION WHETHER OR NOT TO BELIEVE A WITNESS MAY DEPEND ON HOW THE WITNESS IMPRESSED YOU. WAS THE WITNESS CANDID, FRANK, AND FORTHRIGHT? OR, DID THE WITNESS SEEM AS IF HE OR SHE WAS HIDING SOMETHING, BEING EVASIVE, OR SUSPECT IN SOME WAY? HOW DID THE WAY THE WITNESS TESTIFIED ON DIRECT EXAMINATION COMPARE WITH THE WAY THE WITNESS TESTIFIED ON CROSS-EXAMINATION? WAS THE WITNESS CONSISTENT IN HIS OR HER TESTIMONY, OR DID THE WITNESS CONTRADICT HIMSELF OR HERSELF? DID THE WITNESS STRIKE YOU AS SOMEONE WHO WAS TRYING TO REPORT HIS OR HER KNOWLEDGE ACCURATELY?

HOW MUCH YOU CHOOSE TO BELIEVE A WITNESS MAY BE INFLUENCED BY THE WITNESS'S BIAS. DOES THE WITNESS HAVE A RELATIONSHIP WITH THE GOVERNMENT OR THE DEFENDANT WHICH MAY AFFECT THE WAY HE OR SHE TESTIFIES? DOES THE WITNESS HAVE SOME INCENTIVE, LOYALTY, OR MOTIVE THAT MIGHT CAUSE HIM OR HER TO SHADE THE TRUTH, OR DOES THE WITNESS HAVE SOME BIAS, PREJUDICE, OR HOSTILITY THAT MAY HAVE CAUSED THE WITNESS, CONSCIOUSLY OR NOT, TO GIVE YOU SOMETHING OTHER THAN A COMPLETELY ACCURATE ACCOUNT OF THE FACTS TO WHICH THE WITNESS TESTIFIED? EVEN IF THE WITNESS WAS IMPARTIAL, YOU SHOULD CONSIDER WHETHER THE WITNESS HAD AN OPPORTUNITY TO OBSERVE THE FACTS HE OR SHE TESTIFIED ABOUT, AND YOU SHOULD ALSO CONSIDER THE WITNESS'S ABILITY TO EXPRESS HIMSELF OR HERSELF. ASK YOURSELF WHETHER

THE WITNESS'S RECOLLECTION OF THE FACTS STANDS UP IN THE LIGHT OF COMMON EXPERIENCE AND ALL THE OTHER EVIDENCE.

IN ASSESSING THE CREDIBILITY OF A WITNESS, WHAT YOU MUST TRY TO DO IS TO SIZE A PERSON UP IN LIGHT OF HIS OR HER DEMEANOR AND EXPLANATIONS GIVEN, AND IN LIGHT OF ALL THE OTHER EVIDENCE IN THE CASE, JUST AS YOU WOULD IN ANY IMPORTANT MATTER YOU ARE TRYING TO DECIDE IF A PERSON IS TRUTHFUL, STRAIGHTFORWARD, AND ACCURATE IN HIS OR HER RECOLLECTION. IN DECIDING THE QUESTION OF CREDIBILITY, REMEMBER THAT YOU SHOULD USE YOUR COMMON SENSE, YOUR GOOD JUDGMENT, AND YOUR EXPERIENCE.

THE TESTIMONY OF SOME PEOPLE MAY BE CONSIDERED WITH MORE CAUTION THAN THE TESTIMONY OF OTHERS. FOR EXAMPLE, A PERSON WHO WAS USING ADDICTIVE DRUGS DURING THE TIME HE OR SHE TESTIFIED ABOUT MAY HAVE A LESS ACCURATE RECOLLECTION OF EVENTS THAN OTHER WITNESSES. A WITNESS WHO HOPES TO GAIN MORE FAVORABLE TREATMENT IN HIS OR HER OWN CASE MAY HAVE A REASON TO MAKE A FALSE STATEMENT. SO, ALTHOUGH A WITNESS OF THAT KIND MAY BE ENTIRELY TRUTHFUL WHEN TESTIFYING, YOU SHOULD CONSIDER THE TESTIMONY WITH MORE CAUTION THAN THE TESTIMONY OF OTHER PEOPLE.

WHEN KNOWLEDGE OF A TECHNICAL SUBJECT MATTER MIGHT BE HELPFUL TO THE JURY, A PERSON HAVING SPECIAL TRAINING OR EXPERIENCE IN THE TECHNICAL FIELD, ONE WHO IS CALLED AN EXPERT WITNESS, IS PERMITTED TO STATE HIS OR HER OPINION

**SA 10**

CONCERNING THOSE TECHNICAL MATTERS.

MERELY BECAUSE AN EXPERT WITNESS HAS EXPRESSED AN OPINION, HOWEVER, DOES NOT MEAN THAT YOU MUST ACCEPT THAT OPINION. THE SAME AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

PLEASE RECALL WHAT I TOLD YOU EARLIER ABOUT NOTETAKING. NOTES SHOULD BE USED ONLY AS AN AID TO YOUR MEMORY; AND IF YOUR MEMORY SHOULD LATER DIFFER FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT YOUR NOTES. IF YOU DID TAKE NOTES, YOU SHOULD RELY ON YOUR OWN IN -- IF YOU DID NOT TAKE NOTES, YOU SHOULD RELY UPON YOUR OWN INDEPENDENT RECOLLECTION OR MEMORY OF WHAT THE TESTIMONY WAS, AND NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS.

ALSO, MY EARLIER INSTRUCTIONS ABOUT NOT EXPOSING YOURSELF TO ANYTHING IN THE NEWS MEDIA TOUCHING ON THIS CASE CONTINUES IN FULL FORCE THROUGHOUT YOUR DELIBERATIONS.

LET ME NOW DISCUSS WITH YOU THE DELIBERATIVE STEPS YOU SHOULD FOLLOW IN CONSIDERING AS TO BOTH OF THE OFFENSES FOR WHICH THE DEATH PENALTY IS A POSSIBLE PUNISHMENT. THAT IS, CARJACKING, RESULTING IN DEATH AND KIDNAPING, RESULTING IN DEATH. THERE ARE A TOTAL OF SIX POSSIBLE STEPS. I WILL FIRST OUTLINE FOR YOU THE STEPS THAT YOU MAY BE REQUIRED TO GO THROUGH, AND THEN I WILL ADDRESS EACH OF THESE STEPS IN MORE DETAIL LATER IN THESE INSTRUCTIONS.

FIRST, YOU MUST CONSIDER WHETHER THE GOVERNMENT HAS

PROVEN, BEYOND A REASONABLE DOUBT AND TO YOUR UNANIMOUS AGREEMENT, THAT THE DEFENDANT WAS AT LEAST 18 YEARS OF AGE AT THE TIME OF HIS OFFENSE.

SECOND, YOU MUST CONSIDER WHETHER THE GOVERNMENT HAS PROVEN, BEYOND A REASONABLE DOUBT AND TO YOUR UNANIMOUS AGREEMENT, ONE OF FOUR THRESHOLD INTENT FACTORS.

THIRD, YOU MUST CONSIDER WHETHER THE GOVERNMENT HAS PROVEN, BEYOND A REASONABLE DOUBT AND TO YOUR UNANIMOUS AGREEMENT, THE STATUTORY AGGRAVATING FACTOR ALLEGED.

FOURTH, IF YOU FIND THESE FIRST THREE STEPS HAVE BEEN PROVED TO YOUR UNANIMOUS AGREEMENT, THEN YOU MUST CONSIDER WHETHER THE GOVERNMENT HAS PROVEN, BEYOND A REASONABLE DOUBT AND TO YOUR UNANIMOUS AGREEMENT, ANY NONSTATUTORY AGGRAVATING FACTORS IDENTIFIED BY THE GOVERNMENT.

FIFTH, YOU MUST CONSIDER WHETHER ANY ONE OR MORE OF YOU INDIVIDUALLY FIND THAT THE DEFENDANT HAS PROVEN ANY MITIGATING FACTOR OR FACTORS BY A PREPONDERANCE OF THE EVIDENCE. YOU MAY FIND ANY MITIGATING FACTOR BY CONSIDERING EVERYTHING THAT YOU HAVE LEARNED DURING EITHER PHASE OF THE TRIAL, REGARDLESS OF WHETHER OR NOT MR. BASHAM'S ATTORNEYS HAVE ASSERTED THAT FACTOR.

SIXTH, ALL OF YOU THEN MUST WEIGH THE AGGRAVATING FACTORS YOU HAVE UNANIMOUSLY FOUND TO EXIST AGAINST ANY MITIGATING FACTOR OR FACTORS ANY ONE OF YOU INDIVIDUALLY FOUND TO EXIST, TO DETERMINE THE APPROPRIATE SENTENCE.

YOU MUST DECIDE, IN REGARD TO BOTH OFFENSES, WHETHER THE AGGRAVATING FACTORS, WHICH YOU HAVE FOUND TO EXIST, SUFFICIENTLY OUTWEIGHS THE MITIGATING FACTORS FOUND TO EXIST FOR THAT OFFENSE, SO AS TO JUSTIFY IMPOSING A SENTENCE OF DEATH, RATHER THAN A SENTENCE OF LIFE WITHOUT THE POSSIBILITY OF RELEASE; OR, IN THE ABSENCE OF ANY MITIGATING FACTORS, WHETHER THE AGGRAVATING FACTORS ALONE ARE SUFFICIENT TO JUSTIFY IMPOSING A SENTENCE OF DEATH, RATHER THAN A SENTENCE OF LIFE, WITHOUT THE POSSIBILITY OF RELEASE.

THE WEIGHING PROCESS YOU ARE CALLED UPON TO UNDERTAKE IN THIS PART OF THE TRIAL IS DIFFERENT FROM THE FACT-FINDING PROCESS. IF YOU FIND THE THRESHOLD INTENT, AGGRAVATING, AND MITIGATING FACTORS, YOU MUST USE YOUR EXPERIENCE, JUDGMENT, AND COMMON SENSE IN WEIGHING THE AGGRAVATING AND MITIGATING FACTORS TO ARRIVE AT YOUR ULTIMATE DETERMINATION IN THIS CASE.

AS TO ALL OF THE FACTORS THAT THE GOVERNMENT MUST PROVE IN THIS CASE, I INSTRUCT YOU THAT THE GOVERNMENT MUST PROVE THE FACTOR TO EACH AND EVERY ONE OF YOU BEYOND A REASONABLE DOUBT. IF THE GOVERNMENT FAILS TO PROVE A FACTOR BEYOND A REASONABLE DOUBT, THEN YOU MUST FIND THAT THAT FACTOR HAS NOT BEEN PROVEN. THUS, WHILE THE GOVERNMENT'S BURDEN OF PROOF IS A STRICT OR HEAVY BURDEN, IT IS NOT NECESSARY THAT THE FACTOR BE PROVED BEYOND ALL POSSIBLE DOUBT. IT IS ONLY REQUIRED THAT THE GOVERNMENT'S PROOF EXCLUDE ANY REASONABLE DOUBT CONCERNING THE EXISTENCE OF THE FACTOR.

THE DEFENDANT NEVER HAS THE BURDEN OF DISPROVING THE EXISTENCE OF ANYTHING THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT. THE BURDEN IS WHOLLY UPON THE GOVERNMENT; THE LAW DOES NOT REQUIRE THE DEFENDANT TO PRODUCE EVIDENCE THAT A PARTICULAR AGGRAVATING FACTOR DOES NOT EXIST OR THAT DEATH IS NOT AN APPROPRIATE SENTENCE. INDEED, THE DEFENDANT DOES NOT HAVE TO PRESENT ANY EVIDENCE AT ALL. HE DOES NOT HAVE TO PROVE TO YOU THAT HE SHOULD BE PERMITTED TO LIFE. ALTHOUGH THE DEFENDANT HAS NO SUCH BURDEN, HE IS PERMITTED TO OFFER MITIGATING EVIDENCE. I WILL EXPLAIN MITIGATING EVIDENCE TO YOU LATER.

THE DEFENDANT, BRANDON LEON BASHAM, DID NOT TESTIFY DURING THIS PROCEEDING. THERE IS NO BURDEN UPON A DEFENDANT TO PROVE THAT HE SHOULD NOT BE SENTENCED TO DEATH. THE BURDEN IS ENTIRELY UPON THE GOVERNMENT TO PROVE THAT A SENTENCE OF DEATH IS JUSTIFIED. ACCORDINGLY, THE FACT THAT THE DEFENDANT DID NOT TESTIFY MUST NOT BE CONSIDERED BY YOU IN ANY WAY, OR EVEN DISCUSSED, IN ARRIVING AT YOUR DECISION.

NOW, BEFORE YOU MAY CONSIDER THE IMPOSITION OF THE DEATH PENALTY, YOU MUST FIRST UNANIMOUSLY AGREE, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT WAS 18 YEARS OF AGE OR OLDER AT THE TIME OF THE OFFENSES INVOLVED IN THIS CASE: CARJACKING, RESULTING IN DEATH AND KIDNAPPING, RESULTING IN DEATH.

IF YOU UNANIMOUSLY MAKE THAT FINDING, YOU SHOULD SO

INDICATE IN SECTION 1 OF THE SPECIAL VERDICT FORM AND CONTINUE WITH YOUR DELIBERATIONS. IF YOU DO NOT UNANIMOUSLY MAKE THAT FINDING, YOU SHOULD SO INDICATE IN SECTION 1 OF THE SPECIAL VERDICT FORM, AND NO FURTHER DELIBERATIONS WILL BE NECESSARY.

NEXT, BEFORE YOU MAY CONSIDER THE IMPOSITION OF THE DEATH PENALTY, YOU MUST ALSO UNANIMOUSLY FIND, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT ACTED WITH ONE OF FOUR POTENTIAL MENTAL STATES, CALLED THRESHOLD INTENT FACTORS, DESCRIBED BELOW.

THE GOVERNMENT ALLEGES THE FOLLOWING THRESHOLD INTENT FACTORS AGAINST THE DEFENDANT, BRANDON LEON BASHAM, FOR THE KIDNAPPING, RESULTING IN DEATH AND CARJACKING, RESULTING IN DEATH OF THE VICTIM ALICE DONOVAN.

NUMBER 1, THE DEFENDANT, BRANDON LEON BASHAM, INTENTIONALLY KILLED ALICE DONOVAN. TO ESTABLISH THAT THE DEFENDANT INTENTIONALLY KILLED ALICE DONOVAN, THE GOVERNMENT MUST PROVE THAT THE DEFENDANT KILLED HER WITH A CONSCIOUS DESIRE TO CAUSE HER DEATH.

NUMBER 2, THE DEFENDANT, BRANDON LEON BASHAM, INTENTIONALLY INFLICTED SERIOUS BODILY INJURY THAT RESULTED IN THE DEATH OF ALICE DONOVAN. THE GOVERNMENT MUST PROVE THAT THE DEFENDANT DELIBERATELY CAUSED SERIOUS INJURY TO ALICE DONOVAN'S BODY, WHICH, IN TURN, CAUSED HER DEATH. "SERIOUS BODILY INJURY" MEANS A SIGNIFICANT OR CONSIDERABLE AMOUNT OF INJURY TO THE VICTIM'S BODY, WHICH INVOLVES A SUBSTANTIAL RISK

**SA 15**

OF DEATH, UNCONSCIOUSNESS, EXTREME PHYSICAL PAIN, PROTECTED AND OBVIOUS DISFIGUREMENT, OR PROTECTED LOSS OR IMPAIRMENT OF A BODY MEMBER, ORGAN, OR MENTAL FACULTY.

NUMBER 3, THE DEFENDANT, BRANDON LEON BASHAM, INTENTIONALLY PARTICIPATED IN AN ACT, CONTEMPLATING THAT THE LIFE OF ALICE DONOVAN WOULD BE TAKEN OR INTENDING THAT LETHAL FORCE WOULD BE USED IN CONNECTION WITH ALICE DONOVAN, AND ALICE DONOVAN DIED AS A DIRECT RESULT OF THE ACT.

TO ESTABLISH THIS THRESHOLD INTENT FACTOR, THE GOVERNMENT MUST PROVE THAT THE DEFENDANT INTENTIONALLY COMMITTED OR PARTICIPATED WITH OTHERS IN COMMITTING AN ACT WITH A CONSCIOUS DESIRE THAT A PERSON WOULD BE KILLED OR THAT LETHAL FORCE WOULD BE EMPLOYED AGAINST A PERSON, WHICH THEN DIRECTLY CAUSED THE PERSON'S DEATH.

CONTEMPLATING THAT THE LIFE OF A PERSON WOULD BE TAKEN MEANS THAT THE DEFENDANT WAS CONSCIOUS AND AWARE THAT HIS CONDUCT MIGHT HAVE THIS RESULT. THE DEFENDANT'S STATE OF MIND MAY BE PROVED BY HIS CONDUCT AND BY ALL THE FACTS AND SURROUNDING CIRCUMSTANCES.

THE WORDS "LETHAL FORCE" SHOULD BE GIVEN THEIR ORDINARY, EVERYDAY MEANING OF BEING AN ACT OF VIOLENCE CAPABLE OF CAUSING DEATH.

AND FINALLY, NUMBER 4, THE DEFENDANT, BRANDON LEON BASHAM, INTENTIONALLY AND SPECIFICALLY ENGAGED IN AN ACT OF VIOLENCE, KNOWING THAT THE ACT CREATED A GRAVE RISK OF DEATH

**SA 16**

TO ALICE DONOVAN, SUCH THAT PARTICIPATION IN THE ACTS CONSTITUTED A RECKLESS DISREGARD FOR HUMAN LIFE. AND ALICE DONOVAN DIED AS A RESULT OF THE ACT.

TO ESTABLISH THIS THRESHOLD INTENT FACTOR, THE GOVERNMENT MUST PROVE THAT THE DEFENDANT INTENTIONALLY AND SPECIFICALLY ENGAGED IN AN ACT OF VIOLENCE WHILE KNOWING THAT THIS ACT OF VIOLENCE CREATED A GRAVE RISK OF DEATH TO THE VICTIM. THE GOVERNMENT MUST FURTHER PROVE THAT THE VICTIM'S DEATH WAS DIRECTLY CAUSED BY THIS ACT OF VIOLENCE ENGAGED IN BY THE DEFENDANT.

"GRAVE RISK OF DEATH" IN THIS CONTEXT MEANS A SIGNIFICANT AND CONSIDERABLE POSSIBILITY THAT A PERSON MIGHT BE KILLED.

"INTENTIONALLY AND SPECIFICALLY CREATING SUCH A RISK" MEANS THAT THE DEFENDANT WAS CONSCIOUS AND AWARE THAT HIS CONDUCT CREATED A GRAVE RISK WHICH WAS LIKELY TO DIRECTLY RESULT IN THE DEATH OF THE VICTIM. THE DEFENDANT'S STATE OF MIND MAY BE PROVED BY HIS CONDUCT AND BY ALL THE FACTS AND SURROUNDING CIRCUMSTANCES.

TO FIND THAT THE DEFENDANT ACTED INTENTIONALLY, YOU MUST BE SATISFIED, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT ACTED DELIBERATELY AND PURPOSEFULLY. THAT IS, THE DEFENDANT'S ACTS MUST HAVE BEEN THE PRODUCT OF HIS CONSCIOUS OBJECTIVE, RATHER THAN THE PRODUCT OF A MISTAKE OR ACCIDENT.

AN "ACT OF VIOLENCE," IS AN ACT THAT INVOLVES USING, ATTEMPTING TO USE, OR THREATENING TO USE PHYSICAL FORCE

**SA 17**

AGAINST A PERSON OR THE PROPERTY OF ANOTHER PERSON.  OR, TWO, THAT BY ITS NATURE, INVOLVES A SUBSTANTIAL RISK THAT PHYSICAL FORCE AGAINST THE PERSON OR PROPERTY OF ANOTHER MAY BE USED IN THE COURSE OF COMMITTING THE ACT.

"INTENT" OR "KNOWLEDGE" MAY BE PROVED LIKE ANYTHING ELSE. YOU MAY CONSIDER ANY STATEMENTS MADE AND ACTS DONE BY THE DEFENDANT, AND ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE WHICH MAY AID IN A DETERMINATION OF THE DEFENDANT'S KNOWLEDGE OR INTENT.

YOU MAY, BUT ARE NOT REQUIRED TO, INFER THAT A PERSON INTENDS THE NATURAL AND PROBABLE CONSEQUENCES OF ACTS KNOWINGLY DONE OR KNOWINGLY OMITTED.

YOU MUST FIND ONE OF THESE THRESHOLD INTENT FACTORS THAT I HAVE JUST GONE OVER WITH YOU HAVE BEEN PROVED BEYOND A REASONABLE DOUBT BEFORE YOU MAY CONTINUE YOUR DELIBERATIONS.

ON THE SPECIAL VERDICT FORM IN SECTION 2, YOU SHOULD INDICATE WHICH OF THE THRESHOLD INTENT FACTORS, IF ANY, YOU FIND HAVE BEEN PROVEN.  YOU MAY NOT SELECT MORE THAN ONE.  IF YOU HAVE FOUND UNANIMOUSLY THE EXISTENCE OF ONE THRESHOLD INTENT FACTOR, ADDITIONAL FINDINGS WITH RESPECT TO INTENT WOULD NOT BE RELEVANT TO YOUR DELIBERATIONS; THEREFORE, YOU SHOULD PROCEED TO THE NEXT STEP AND CONSIDER THE STATUTORY AGGRAVATING FACTOR.  IF YOU DO NOT UNANIMOUSLY AGREE ON ONE OF THE DESCRIBED MENTAL STATES, YOUR DELIBERATIONS END.

NOW, THE DEFENDANT CONTENDS THAT THERE IS EVIDENCE IN

**SA 18**

THIS CASE TENDING TO SHOW THAT THE DEFENDANT MAY HAVE BEEN INTOXICATED BY ALCOHOL OR BY DRUGS PRIOR TO AND AT A TIME OF THE COMMISSION OF THE OFFENSES CHARGED IN COUNTS 1 AND 2.

VOLUNTARY INTOXICATION OR DRUNKENNESS IS NOT, ITSELF, A DEFENSE TO A CHARGE OF ANY CRIME. BUT THE FACT, IF IT IS A FACT, THAT THE DEFENDANT MAY HAVE BEEN INTOXICATED AT THE TIME OF THE COMMISSION OF COUNTS 1 AND 2 MAY NEGATE THE EXISTENCE OF A STATE OF MIND NECESSARY TO SATISFY THE REQUIREMENT OF A THRESHOLD INTENT FACTOR. ON THE OTHER HAND, IF YOU FIND THAT BRANDON LEON BASHAM WAS INTOXICATED, YOU MAY STILL CONCLUDE THAT HE WAS CAPABLE OF HAVING AND DID HAVE THE REQUIRED STATE OF MIND.

IF AND ONLY IF YOU UNANIMOUSLY FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED WITH ONE OF THE THRESHOLD INTENT FACTORS I HAVE JUST DESCRIBED, THEN YOU MUST PROCEED TO DETERMINE WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THE EXISTENCE OF THE STATUTORY AGGRAVATING FACTOR WITH REGARD TO THE KILLING OF ALICE DONOVAN.

THE WORD "AGGRAVATE" MEANS TO MAKE WORSE, OR MORE OFFENSIVE, OR TO INTENSIFY. AN AGGRAVATING FACTOR THEN IS A SPECIFIED FACT OR CIRCUMSTANCE WHICH WOULD TEND TO SUPPORT THE IMPOSITION OF THE DEATH PENALTY. THE GOVERNMENT ALLEGES ONE STATUTORY AGGRAVATING FACTOR, KIDNAPPING.

THE STATUTORY AGGRAVATING FACTOR ALLEGED BY THE GOVERNMENT IS THAT THE DEATH OF ALICE DONOVAN OR THE INJURY RESULTING IN

**SA 19**

THE DEATH OF ALICE DONOVAN, OCCURRED DURING BRANDON LEON BASHAM'S COMMISSION, OR ATTEMPTED COMMISSION, OR DURING HIS IMMEDIATE FLIGHT FROM HIS COMMISSION OF A KIDNAPPING, IN VIOLATION OF FEDERAL LAW.

THE ELEMENTS OF THE FEDERAL KIDNAPPING LAW ARE: ONE, THE DEFENDANT KNOWINGLY AND WILLINGLY SEIZED, CONFINED, KIDNAPPED, ABDUCTED, OR CARRIED AWAY ALICE DONOVAN. NUMBER TWO, ALICE DONOVAN WAS THEREAFTER TRANSPORTED ACROSS STATE LINES WHILE SO SEIZED, CONFINED, KIDNAPPED, OR ABDUCTED. AND, NUMBER THREE, THE DEFENDANT HELD ALICE DONOVAN FOR THE REASONS OF RANSOM, REWARD, OR FOR ANY OTHER REASON.

I REMIND YOU THAT TO FIND THE EXISTENCE OF THE STATUTORY AGGRAVATING FACTOR, YOUR DECISION MUST BE UNANIMOUS AND BEYOND A REASONABLE DOUBT. IF YOU UNANIMOUSLY FIND THAT THE GOVERNMENT HAS PROVEN THE STATUTORY AGGRAVATING FACTOR, YOU SHOULD SO INDICATE IN SECTION 3 OF THE SPECIAL VERDICT FORM AND CONTINUE YOUR DELIBERATIONS. IF YOU DO NOT UNANIMOUSLY FIND THAT THE GOVERNMENT HAS PROVEN THE STATUTORY AGGRAVATING FACTOR, YOU SHOULD SO INDICATE IN SECTION 3 OF THE SPECIAL VERDICT FORM, AND NO FURTHER DELIBERATIONS WILL BE NECESSARY.

NOW, MOVING ON TO NONSTATUTORY AGGRAVATING FACTORS. IF YOU HAVE FOUND THE EXISTENCE OF THE STATUTORY AGGRAVATING FACTOR UNANIMOUSLY AND BEYOND A REASONABLE DOUBT, YOU MUST THEN CONSIDER WHETHER THE GOVERNMENT HAS PROVED THE EXISTENCE OF ANY NONSTATUTORY AGGRAVATING FACTORS. NONSTATUTORY

**SA 20**

AGGRAVATING FACTORS ARE DIFFERENT THAN STATUTORY AGGRAVATING FACTORS IN THAT IT IS NOT NECESSARY THAT THE GOVERNMENT PROVE THE NONSTATUTORY FACTORS IN ORDER TO AUTHORIZE A CONSIDERATION OF THE DEATH PENALTY AS AN ALTERNATIVE TO LIFE IN PRISON WITHOUT THE POSSIBILITY OF RELEASE.  NONSTATUTORY AGGRAVATING FACTORS ARE ADDITIONAL FACTORS THAT THE GOVERNMENT ALLEGES AND ARE RELIED UPON, WHICH THE GOVERNMENT RELIES AS ADDITIONAL GROUNDS FOR RETURNING A VERDICT OF DEATH RATHER THAN LIFE IN PRISON WITHOUT THE POSSIBILITY OF RELEASE; THEREFORE,  UNLIKE THE STATUTORY AGGRAVATING FACTOR DISCUSSED EARLIER,  IT IS NOT NECESSARY THAT THE GOVERNMENT PROVE ANY ONE OR ALL OF THE NONSTATUTORY AGGRAVATING FACTORS I AM ABOUT TO DISCUSS WITH YOU.

IF YOU FIND THE GOVERNMENT HAS PROVED ONE OR MORE OF THESE NONSTATUTORY AGGRAVATING FACTORS,  YOU MAY THEN CONSIDER THEM IN DECIDING WHETHER TO IMPOSE THE DEATH PENALTY RATHER THAN LIFE IN PRISON, WITHOUT THE POSSIBILITY OF RELEASE.  IF YOU FIND THE GOVERNMENT HAS NOT PROVED ONE OR MORE NONSTATUTORY AGGRAVATING FACTORS,  THEN YOU MUST DISREGARD THOSE ALLEGED, BUT UNPROVEN,  NONSTATUTORY AGGRAVATING FACTORS.

THIS DETERMINATION INVOLVES TWO STEPS:  YOU MUST FIRST DECIDE IF THE EVIDENCE THAT YOU HEARD ESTABLISHES THE EXISTENCE OF A NONSTATUTORY AGGRAVATING FACTOR BEYOND A REASONABLE DOUBT.  SECONDLY,  IF YOU DETERMINE THAT THE FACTOR HAS BEEN PROVEN,  YOU MUST DETERMINE IF IT IS

**SA 21**

AGGRAVATING, AS I HAVE DEFINED THAT TERM FOR YOU.  THAT IS, IT TENDS TO SUPPORT THE IMPOSITION OF THE DEATH PENALTY, AS OPPOSED TO LIFE IN PRISON, WITHOUT THE POSSIBILITY OF RELEASE.

YOU ARE PERMITTED TO CONSIDER AND DISCUSS ONLY THE NONSTATUTORY AGGRAVATING FACTORS SPECIFICALLY CLAIMED BY THE GOVERNMENT AND LISTED BELOW.  YOU MUST NOT CONSIDER ANY OTHER FACTS IN AGGRAVATION WHICH YOU MAY THINK OF ON YOUR OWN.

THE NONSTATUTORY AGGRAVATING FACTORS ALLEGED BY THE GOVERNMENT ARE AS FOLLOWS:  NUMBER ONE, UNCHARGED MURDER, ATTEMPTED MURDERS, AND OTHER SERIOUS ACTS OF VIOLENCE. NUMBER TWO, FUTURE DANGEROUSNESS.  NUMBER THREE, VICTIM IMPACT.

NOW, GOING BACK TO NUMBER ONE RELATED TO UNCHARGED MURDER, ATTEMPTED MURDERS, AND OTHER SERIOUS ACTS OF VIOLENCE.  THE FIRST, THIS IS THE FIRST NONSTATUTORY AGGRAVATING FACTOR ALLEGED BY THE GOVERNMENT.  SPECIFICALLY, THE GOVERNMENT ALLEGES THAT THE DEFENDANT, MR. BASHAM, PARTICIPATED IN AN ADDITIONAL UNCHARGED MURDER, ATTEMPTED MURDERS, AND OTHER SERIOUS ACTS OF VIOLENCE, AND THAT HIS PARTICIPATION IN ONE OR MORE OF THESE ACTS SUPPORTS THE IMPOSITION OF THE DEATH PENALTY RATHER THAN LIFE IN PRISON, WITHOUT THE POSSIBILITY OF RELEASE.  BEFORE YOU MAY CONSIDER, FOR ANY PURPOSE WHATSOEVER, EVIDENCE OF ANY OF THESE ACTS ALLEGEDLY COMMITTED BY THE DEFENDANT, OTHER THAN THOSE ACTUALLY CHARGED IN THIS CASE, YOU MUST UNANIMOUSLY FIND THAT

**SA 22**

THE DEFENDANT COMMITTED EACH AND EVERY ELEMENT OF EACH SUCH ACT BEYOND A REASONABLE DOUBT, JUST AS IF THEY WERE CHARGED IN A CRIMINAL CASE.

YOU MUST ALSO UNANIMOUSLY AGREE, BEYOND A REASONABLE DOUBT, THAT THE NONSTATUTORY AGGRAVATING FACTORS ALLEGED BY THE GOVERNMENT IS SUFFICIENTLY SERIOUS AND INDICATIVE OF MORAL CULPABILITY ON THE PART OF THE DEFENDANT TO BE WORTHY OF CONSIDERATION AS TENDING TO SUPPORT THE IMPOSITION OF THE SENTENCE OF DEATH AS AN ALTERNATIVE TO A SENTENCE OF LIFE IN PRISON, WITHOUT THE POSSIBILITY OF RELEASE.

REMEMBER THAT BRANDON LEON BASHAM IS PRESUMED INNOCENT UNTIL PROVEN GUILTY OF THESE ACTS, AND THAT THE PROSECUTION BEARS THE BURDEN OF PROVING EVERY ELEMENT OF THESE ACTS BEYOND A REASONABLE DOUBT. IF EVEN A SINGLE JUROR IS NOT CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT COMMITTED AN ELEMENT OF THE ACT, THEN THE JURY CANNOT CONSIDER THE ACT IN THEIR DELIBERATIONS.

I WILL NOW INSTRUCT YOU ON THE ELEMENTS OF THE FIVE ACTS ON WHICH THE GOVERNMENT SEEKS TO RELY. THESE FACTS ARE: NUMBER ONE, BRANDON LEON BASHAM ESCAPED FROM A DETENTION FACILITY IN HOPKINS COUNTY, KENTUCKY, ON NOVEMBER 4, 2002, WHERE HE WAS SERVING A FIVE-YEAR SENTENCE RELATED TO FORGERY CONVICTIONS. IN ORDER FOR YOU, THE JURY, TO FIND THAT THE DEFENDANT COMMITTED THE CRIME OF ESCAPE FROM A DETENTION CENTER FACILITY IN HOPKINS COUNTY, KENTUCKY, ON NOVEMBER 4,

SA 23

2002, YOU MUST FIND BEYOND A REASONABLE DOUBT THAT, A, THE DEFENDANT ESCAPED FROM A DETENTION FACILITY OR, B, BEING CHARGED WITH OR CONVICTED OF A FELONY, THE DEFENDANT ESCAPED FROM CUSTODY.

"ESCAPE" MEANS UNPERMITTED DEPARTURE FROM CUSTODY OR THE DETENTION FACILITY IN WHICH A PERSON IS HELD OR DETAINED.

"CUSTODY" TODAY MEANS RESTRAINT BY A PUBLIC SERVANT PURSUANT TO A LAWFUL ARREST, DETENTION, OR AN ORDER OF COURT FOR LAW ENFORCEMENT PURPOSES.

"DETENTION FACILITY" MEANS ANY BUILDING AND ITS PREMISES USED FOR THE CONFINEMENT OF A PERSON CHARGED WITH, OR CONVICTED OF AN OFFENSE, OR OTHERWISE CONFINED PURSUANT TO AN ORDER OF COURT FOR LAW ENFORCEMENT PURPOSES.

THE SECOND ACT ALLEGED BY THE GOVERNMENT IS THAT BRANDON LEON BASHAM, SUBSEQUENT TO HIS ESCAPE, PARTICIPATED IN A CARJACKING AND KIDNAPPING THAT RESULTED IN THE DEATH OF SAMANTHA BURNS, A 19-YEAR-OLD WOMAN IN HUNTINGTON, WEST VIRGINIA. IN ORDER FOR YOU, THE JURY, TO FIND THAT THE DEFENDANT COMMITTED A CARJACKING, RESULTING IN THE DEATH OF SAMANTHA BURNS, YOU MUST FIND, BEYOND A REASONABLE DOUBT THAT, A, THE DEFENDANT TOOK A MOTOR VEHICLE; B, THE DEFENDANT TOOK THE MOTOR VEHICLE FROM THE PRESENCE OR PERSON OF ANOTHER INDIVIDUAL; C, THE TAKING WAS DONE OR ATTEMPTED BY FORCE AND VIOLENCE OR BY INTIMIDATION; AND, D, IN DOING SO, THE DEFENDANT INTENDED TO CAUSE DEATH OR SERIOUS BODILY HARM;

**SA 24**

AND, E, DEATH RESULTED.

IN ORDER FOR YOU, THE JURY, TO FIND THAT THE DEFENDANT COMMITTED A KIDNAPPING, RESULTING IN THE DEATH OF SAMANTHA BURNS, YOU MUST FIND, BEYOND A REASONABLE DOUBT THAT, A, THE DEFENDANT UNLAWFULLY SEIZED, CONFINED, INVEIGLED, DECOYED, KIDNAPPED, ABDUCTED, OR CARRIED AWAY THE VICTIM; B, THE DEFENDANT WAS HELD FOR RANSOM, REWARD, OR ANY OTHER REASON; AND, C, DEATH RESULTED.

THE ELEMENTS OF BOTH CARJACKING, RESULTING IN DEATH AND KIDNAPPING, RESULTING IN DEATH WERE EXPLAINED IN DETAIL DURING THE GUILT PHASE OF THIS TRIAL. YOU WILL STILL HAVE A COPY OF THOSE INSTRUCTIONS IN YOUR NOTEBOOK, THAT IS ON PAGES 14 THROUGH 25 OF THE EARLIER INSTRUCTIONS, WHICH ARE ON THE GREEN PAGES IN YOUR NOTEBOOK, AND YOU MAY REFER BACK TO THEM IF YOU HAVE ANY QUESTIONS ABOUT THESE ELEMENTS.

THE THIRD ACT RELIED UPON BY THE GOVERNMENT IS THAT BRANDON LEON BASHAM, SUBSEQUENT TO HIS ESCAPE, PARTICIPATED IN A FIRST DEGREE BURGLARY AND OTHER CRIMINAL CONDUCT THAT RESULTED IN THE ASSAULT WITH INTENT TO KILL OF CARL JORDAN, A CITIZEN OF CONWAY, SOUTH CAROLINA. IN ORDER FOR YOU, THE JURY, TO FIND THAT THE DEFENDANT COMMITTED A BURGLARY IN THE FIRST DEGREE OF MR. JORDAN'S RESIDENCE, YOU MUST FIND, BEYOND A REASONABLE DOUBT THAT, A, THE DEFENDANT ENTERED A DWELLING; B, WITHOUT CONSENT; C, WITH INTENT TO COMMIT A CRIME THEREIN; AND, D, WHEN EFFECTUATING ENTRY, OR WHILE IN THE

DWELLING, OR IN IMMEDIATE FLIGHT, HE OR ANOTHER PARTICIPANT IN THE CRIME, ONE, WAS ARMED WITH A DEADLY WEAPON OR EXPLOSIVE; OR, TWO, CAUSED PHYSICAL INJURY TO A PERSON WHO WAS NOT A PARTICIPANT IN THE CRIME; OR, THREE, USED OR THREATENED THE USE OF A DANGEROUS INSTRUMENT; OR, FOUR, DISPLAYED WHAT APPEARED TO BE A KNIFE, PISTOL, REVOLVER, RIFLE, SHOTGUN, MACHINE GUN, OR OTHER FIREARM.

ONE IS ARMED, FOR PURPOSES OF FIRST DEGREE BURGLARY, IF A FIREARM IS EASILY ACCESSIBLE AND READILY AVAILABLE FOR USE BY THAT INDIVIDUAL FOR OFFENSIVE OR DEFENSIVE PURPOSES. THIS IS TRUE EVEN IN THE ABSENCE OF EVIDENCE THAT THE DEFENDANT INTENDED TO USE THE WEAPON IN FURTHERANCE OF THE CRIME. TO BE ARMED WITH A DEADLY WEAPON WITHIN THE MEANING OF BURGLARY IN THE FIRST DEGREE, A PERSON OR ANOTHER PARTICIPANT IN THE CRIME NEED ONLY HAVE PHYSICAL CONTROL OVER A DEADLY WEAPON IN EFFECTUATING ENTRY, OR WHILE IN THE DWELLING, OR IN THE IMMEDIATE FLIGHT THEREFROM, SUCH THAT THE WEAPON IS READILY AVAILABLE FOR THAT PERSON TO USE. IT MATTERS NOT HOW THE PERSON ACQUIRED THE DEADLY WEAPON OR FOR WHAT PURPOSE THE PERSON TOOK POSSESSION OF THE DEADLY WEAPON.

IN SOUTH CAROLINA, ATTEMPTED MURDER IS CALLED ASSAULT WITH INTENT TO KILL. IN ORDER FOR YOU, THE JURY, TO FIND THAT BRANDON LEON BASHAM COMMITTED AN ASSAULT WITH INTENT TO KILL CARL JORDAN, YOU MUST FIND, A, AN UNLAWFUL ATTEMPT; B, TO COMMIT A VIOLENT INJURY; C, TO THE PERSON OF ANOTHER; D,

WITH MALICIOUS INTENT; AND, E, ACCOMPANIED BY THE PRESENT ABILITY TO COMPLETE THE ACT.

ASSAULT WITH INTENT TO KILL COMPRISES ALL OF THE ELEMENTS OF MURDER, EXCEPT THE DEATH OF THE VICTIM. MURDER IS DEFINED AS THE UNLAWFUL KILLING OF A HUMAN BEING WITH MALICE AFORETHOUGHT. MALICE IS DEFINED AS HATRED, ILL WILL, OR WRONGFUL INTENT TO INJURE ANOTHER PERSON. IT INDICATES A WICKED OR DEPRAVED SPIRIT INTENT ON DOING WRONG. THE MALICE DOES NOT HAVE TO EXIST FOR ANY APPRECIABLE PERIOD OF TIME BEFORE THE ATTEMPTED KILLING OCCURS. THE MALICE MAY BE CONCEIVED AT THE MOMENT THE ACT OCCURS. BUT THERE MUST BE A CONJUNCTION, THAT IS A COINCIDENCE IN THE TIME OF THE ACT, BETWEEN THE GUILTY ACT AND THE STATE OF MIND. EVEN IF THE DEFENDANT HAD MALICE AT SOME POINT IN THE PAST, HE HAS NOT COMMITTED THE ASSAULT WITH INTENT TO KILL UNLESS THE MALICE ACTUALLY EXISTED AT THE TIME OF THE ATTEMPTED KILLING.

MALICE CAN BE EXPRESSED WHERE THERE IS MANIFESTED A DELIBERATE INTENTION TO VIOLENTLY AND UNLAWFULLY TAKE THE LIFE OF ANOTHER HUMAN BEING. OR IT MAY BE INFERRED. THAT IS DEDUCED BY YOU FROM CERTAIN CIRCUMSTANCES. ONE OF THE WAYS THAT MALICE CAN BE INFERRED IS FROM THE USE OF A DEADLY WEAPON. THE TERM "DEADLY WEAPON" MEANS ANY WEAPON, DEVICE, INSTRUMENT, MATERIAL, OR SUBSTANCE WHICH, IN THE MANNER IT IS USED OR IS INTENDED TO BE USED, IS KNOWN TO BE CAPABLE OF PRODUCING DEATH OR SERIOUS BODILY INJURY.

**SA 27**

THE FOURTH ACT RELIED UPON BY THE GOVERNMENT IS THAT BRANDON LEON BASHAM, SUBSEQUENT TO HIS ESCAPE, PARTICIPATED IN THE KIDNAPPING AND CARJACKING OF JAMES HAWKINS, A CITIZEN OF HANSON, KENTUCKY. IN ORDER FOR YOU, THE JURY, TO FIND THAT THE DEFENDANT COMMITTED A CARJACKING OF JAMES HAWKINS, YOU MUST FIND, BEYOND A REASONABLE DOUBT THAT, A, THE DEFENDANT TOOK A MOTOR VEHICLE; B, THE DEFENDANT TOOK THE MOTOR VEHICLE FROM THE PERSON OR PRESENCE OF ANOTHER INDIVIDUAL; C, THE TAKING WAS DONE BY -- EXCUSE ME, WAS DONE OR ATTEMPTED BY FORCE, OR VIOLENCE, OR BY INTIMIDATION; AND, D, IN DOING SO, THE DEFENDANT INTENDED TO CAUSE DEATH OR SERIOUS BODILY HARM.

IN ORDER FOR YOU, THE JURY, TO FIND THE DEFENDANT COMMITTED A KIDNAPPING OF JAMES HAWKINS, YOU MUST FIND, BEYOND A REASONABLE DOUBT, THAT, A, THE DEFENDANT UNLAWFULLY SEIZED, CONFINED, INVEIGLED, DECOYED, KIDNAPPED, ABDUCTED, OR CARRIED AWAY THE VICTIM; AND, B, THE DEFENDANT HELD THE VICTIM FOR RANSOM, REWARD, OR ANY OTHER REASON.

I HAVE DEFINED THE ELEMENTS OF CARJACKING, RESULTING IN DEATH AND KIDNAPPING, RESULTING IN DEATH IN THE GUILT PHASE OF THE TRIAL. YOU STILL HAVE A COPY OF THESE INSTRUCTIONS IN YOUR NOTEBOOKS. YOU CAN SEE ON PAGES 14 THROUGH 25 OF THOSE INSTRUCTIONS THAT ARE ON THE GREEN PAPER, AND YOU MAY REFER BACK TO THEM IF YOU HAVE ANY QUESTIONS ABOUT THE ELEMENTS.

THE FIFTH ACT RELIED UPON BY THE GOVERNMENT IS THAT THE

DEFENDANT, MR. BASHAM, SUBSEQUENT TO HIS ESCAPE, PARTICIPATED IN THE ATTEMPTED MURDER OF POLICE OFFICER MATT DAVIS IN ASHLAND, KENTUCKY.

IN ORDER FOR YOU, THE JURY, TO FIND THAT THE DEFENDANT COMMITTED THE ATTEMPTED MURDER OF A POLICE OFFICER, YOU MUST FIND, BEYOND A REASONABLE DOUBT, THAT, A, THE DEFENDANT COMMITTED A SUBSTANTIAL STEP IN THE COMMISSION OF A MURDER; B, WITH THE INTENT TO COMMIT MURDER.

THE TERM "SUBSTANTIAL STEP" MEANS AN ACT OR OMISSION WHICH LEAVES NO REASONABLE DOUBT AS TO THE DEFENDANT'S INTENTION TO COMMIT MURDER.

MURDER, UNDER KENTUCKY LAW, CAN EITHER BE, ONE, WITH INTENT TO CAUSE THE DEATH OF ANOTHER PERSON; TWO, CAUSE THE DEATH OF SUCH PERSON; OR, UNDER SUCH CIRCUMSTANCES, MANIFESTING THE EXTREME IN DEFERENCE TO HUMAN LIFE, WANTONLY ENGAGING IN CONDUCT WHICH CREATES A GRAVE RISK OF DEATH TO ANOTHER PERSON AND THEREBY CAUSING THE DEATH OF ANOTHER PERSON. ATTEMPTED MURDER COMPRISES ALL OF THE ELEMENTS OF MURDER EXCEPT THE DEATH OF THE VICTIM.

IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE ALL FIVE OF THESE ACTS I HAVE JUST OUTLINED FOR YOU ON THE ISSUE OF UNCHARGED MURDER, ATTEMPTED MURDERS, OR OTHER SERIOUS ACTS OF VIOLENCE. YOU MAY CONCLUDE THAT THE GOVERNMENT HAS MET ITS BURDEN OF PROVING THIS NONSTATUTORY AGGRAVATING FACTOR BEYOND A REASONABLE DOUBT IF YOU FIND THAT ANY ONE OR MORE OF THESE

**SA 29**

ACTS IS SUFFICIENT TO SUPPORT SUCH A FINDING.

EARLIER, I TOLD YOU THAT VOLUNTARY INTOXICATION, BECAUSE OF ALCOHOL OR DRUGS, IS NOT, IN ITSELF, A DEFENSE TO A CRIME, BUT IT MAY NEGATE THE EXISTENCE OF A STATE OF MIND NECESSARY TO SHOW INTENT. THAT SAME INSTRUCTION APPLIES TO BOTH THE FIRST DEGREE BURGLARY ALLEGATIONS AND THE ATTEMPTED MURDER ALLEGATIONS, BECAUSE BOTH OF THESE OFFENSES INCLUDE A REQUIREMENT THAT A CERTAIN TYPE OF INTENT BE PROVED. SO, YOU MAY CONSIDER THE ISSUE OF VOLUNTARY INTOXICATION ON THESE TWO OFFENSES AS WELL. YOU MAY FIND THAT BRANDON BASHAM WAS INTOXICATED AND, THEREFORE, DID NOT HAVE THE REQUIRED INTENT, OR YOU MAY FIND THAT BRANDON BASHAM WAS INTOXICATED, YET WAS STILL CAPABLE OF HAVING AND DID HAVE THE REQUIRED INTENT.

THE SECOND NONSTATUTORY AGGRAVATING FACTOR ALLEGED BY THE GOVERNMENT IS THAT THE DEFENDANT, BRANDON LEON BASHAM, WOULD BE A DANGER IN THE FUTURE TO THE LIVES AND SAFETY OF OTHER PERSONS, INCLUDING, BUT NOT LIMITED TO, INMATES AND CORRECTIONAL OFFICERS IN AN INSTITUTIONAL CORRECTIONAL SETTING AS EVIDENCED BY THE DEFENDANT'S COMMISSION OF CARJACKING, RESULTING IN DEATH AND KIDNAPPING, RESULTING IN DEATH, AS WELL AS THE STATUTORY AND NONSTATUTORY AGGRAVATING FACTORS ALLEGED BY THE GOVERNMENT.

THE THIRD NONSTATUTORY AGGRAVATING FACTOR ALLEGED BY THE GOVERNMENT IS THE EFFECT OF BRANDON LEON BASHAM'S OFFENSES ON ALICE DONOVAN, HER FAMILY, AND HER FRIENDS, AND COWORKERS,

INCLUDING THE EXTENT AND SCOPE OF THE INJURIES AND LOSSES SUFFERED BY ALICE DONOVAN AND HER FAMILY. THE EFFECT OF THE OFFENSES ON ALICE DONOVAN, HER FAMILY, AND HER FRIENDS, AND COWORKERS MEANS THE HARM TO ALICE DONOVAN, HER FAMILY, AND HER FRIENDS, AND COWORKERS CAUSED BY THE DEFENDANT'S ACTIONS.

AT THIS POINT, YOU MUST RECORD YOUR FINDINGS REGARDING WHETHER YOU UNANIMOUSLY FIND THAT THE GOVERNMENT HAS PROVEN, BEYOND A REASONABLE DOUBT, THE EXISTENCE OF ANY OF THESE NONSTATUTORY AGGRAVATING FACTORS, IF ANY, AND WHETHER ANY OF THESE FACTORS TEND TO SUPPORT THE IMPOSITION OF THE DEATH PENALTY. PLEASE ENTER YOUR FINDINGS IN SECTION 4 OF THE SPECIAL VERDICT FORM AND CONTINUE YOUR DELIBERATIONS. EVEN IF YOU FIND NO SUCH FACTOR, YOU MUST PROCEED TO SECTION 5 AND CONTINUE YOUR DELIBERATIONS.

I REMIND YOU THAT, BECAUSE THESE ARE THE ONLY OTHER AGGRAVATING FACTORS CITED BY THE GOVERNMENT ON WHICH I INSTRUCT YOU, THEY ARE, BY LAW, THE ONLY OTHER AGGRAVATING FACTORS THAT YOU MAY CONSIDER. YOU MAY NOT CONSIDER ANY OTHER FACTS IN AGGRAVATION WHICH YOU THINK OF ON YOUR OWN.

NOW, BEFORE YOU MAY CONSIDER THE APPROPRIATE PUNISHMENT, YOU MUST CONSIDER WHETHER THE DEFENDANT HAS ESTABLISHED, MR. BASHAM, HAS ESTABLISHED THE EXISTENCE OF ANY MITIGATING FACTORS. THE WORD "MITIGATE" MEANS TO MAKE LESS SEVERE OR TO MODERATE. A MITIGATING FACTOR IS NOT OFFERED TO JUSTIFY OR EXCUSE A DEFENDANT'S CONDUCT. INDEED, IF AN OFFENSE,

**SA 31**

RESULTING IN DEATH, WAS JUSTIFIABLE OR EXCUSABLE, A DEFENDANT WOULD NOT BE GUILTY OR PUNISHABLE FOR IT IN THE FIRST PLACE. A MITIGATING FACTOR IS SIMPLY INFORMATION ABOUT A DEFENDANT'S BACKGROUND, RECORD, OR CHARACTER, OR ABOUT THE CIRCUMSTANCES SURROUNDING THE OFFENSE, OR ANY OTHER INFORMATION THAT YOU DEEM RELEVANT, THAT WOULD, IN FAIRNESS, AND IN MERCY SUGGEST THAT A SENTENCE OF DEATH IS NOT THE MOST APPROPRIATE PUNISHMENT OR THAT A SENTENCE OF LIFE IN PRISON, WITHOUT THE POSSIBILITY OF RELEASE IS THE MORE APPROPRIATE PUNISHMENT.

AS TO THE MITIGATING FACTORS ASSERTED BY THE DEFENDANT, MR. BASHAM IN THIS CASE, THE LAW PROVIDES THAT THERE IS ESSENTIALLY NO LIMIT ON THE NUMBER OF FACTORS OR THINGS THAT THE JURY MAY CONSIDER IN MITIGATION AS TO EACH OF THE FACTORS SUBMITTED BY THE DEFENDANT AND ON WHICH I AM ABOUT TO LIST. YOU MUST ESSENTIALLY ENGAGE IN A TWO-STEP PROCESS IN DETERMINING WHETHER ANY ONE OR MORE OF THE MITIGATING FACTORS HAVE BEEN PROVEN.

SPECIFICALLY, YOU MUST FIRST DETERMINE IF THE EVIDENCE THAT YOU HEARD ESTABLISHES THE EXISTENCE OF THE FACTOR BY A PREPONDERANCE OF THE EVIDENCE. SECONDLY, IF YOU DETERMINE THE FACTOR HAS BEEN PROVEN, YOU MUST DETERMINE WHETHER THE FACTOR IS MITIGATING, AS I HAVE DEFINED THAT TERM FOR YOU. THAT IS, IT TENDS TO SUGGEST THAT LIFE IN PRISON, WITHOUT THE POSSIBILITY OF RELEASE, AND NOT DEATH IS THE APPROPRIATE PUNISHMENT.