# FEDERAL COMMUNITY DEFENDER OFFICE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEFENDER ASSOCIATION OF PHILADELPHIA
FEDERAL COURT DIVISION
**CAPITAL HABEAS UNIT**

**LISA EVANS LEWIS**
Chief Federal Defender

The Curtis - Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
Phone: 215.928.0520
Fax: 215.928.0826

**JENNIFER CHICCARINO**
First Assistant

January 23, 2024

The Honorable Nwamaka Anowi
Clerk of Court
United States Court of Appeals
    for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re:    *United States v. Fulks & Basham*, Case Nos. 23-2(L) and 23-3

Dear Ms. Anowi:

Please accept this Response to Appellee's Rule 28(j) letter dated January 18, 2024, regarding *United States v. Jackson*, No. 22-3958, 2023 WL 8847859 (6th Cir. Dec. 21, 2023) (unpub.).

The Government contends that *Jackson* supports its position that 18 U.S.C. § 2119 qualifies as a "crime of violence" notwithstanding *United States v. Taylor*, 142 S. Ct. 2015 (2022), and *Borden v. United States*, 141 S. Ct. 1817 (2021). But in fact, the unreported, out-of-circuit decision is neither "pertinent" nor "significant" to the issues in this appeal. Fed. R. App. Proc. 28(j). Indeed, the decision largely relies on a 2019 ruling in the same case that predated both *Taylor* and *Borden*. And although the court purports to consider the impact of *Taylor* and *Borden*, its reasoning is unpersuasive when considered against the arguments raised in Appellants' briefs.

In particular:

- *Jackson* denies *Taylor*'s impact because *Taylor* considered the crime-of-violence status of an *attempted* crime, whereas Jackson was charged with *completed* carjacking. Yet this conclusion necessarily rests on an unacknowledged—and unsupported—assumption that § 2119 is divisible between "attempted" and "completed" carjacking, which is itself a contested issue in this appeal. *See* Initial Br. 13–20; Reply 2–7.

1

- The 2019 decision affirmed in *Jackson* relied, in part, on *United States v. Evans*, 848 F.3d 242 (4th Cir. 2017), but Appellants have argued that *Evans* itself cannot survive *Taylor*. *See* Initial Br. 9–12; Reply 7–10. Because the appellant in *Jackson* failed to raise a similar argument, the Sixth Circuit's continued reliance on *Evans* carries no weight here.

- *Jackson* denies *Borden*'s impact without considering the unique conditional intent element of § 2119—which can be satisfied by the reckless or negligent use of force— or that carjacking by intimidation only requires conduct capable of putting a "reasonable person" in fear, regardless of intent. Appellants have argued that these features cannot be squared with *Borden*'s holding requiring a use or threat of force that is *simultaneously* accompanied by an intent to apply that force or threatened force against another. *See* Initial Br. 23–29; Reply 10–14. Nothing in *Jackson* suggests otherwise.

Respectfully submitted,

/s/ Peter Williams
Peter Williams
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

*Counsel for Appellant, Chadrick Fulks*

/s/ Leticia Marquez
Leticia Marquez
Lindsey Layer
Assistant Federal Public Defenders
Federal Public Defender's Office
District of Arizona
407 W. Congress Street, Suite 501
Tucson, Arizona 85701
(520) 879-7622

*Counsel for Appellant, Brandon Basham*

Dated: January 23, 2024

# CERTIFICATE OF SERVICE

I, Peter Williams, hereby certify that on this date I served the foregoing document by ECF

filing on the following party:

Thomas E. Booth
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Penn. Ave., Room 1511
Washington, DC 20530


*/s/ Peter Williams*
PETER WILLIAMS


Dated: January 23, 2024