# FEDERAL COMMUNITY DEFENDER OFFICE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DEFENDER ASSOCIATION OF PHILADELPHIA
### FEDERAL COURT DIVISION
#### CAPITAL HABEAS UNIT

**LISA EVANS LEWIS**
Chief Federal Defender

The Curtis - Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
Phone: 215.928.0520
Fax: 215.928.0826

**JENNIFER CHICCARINO**
First Assistant

July 25, 2024

The Honorable Nwamaka Anowi
Clerk of Court
United States Court of Appeals
    for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re:    *United States v. Fulks & Basham*, Case Nos. 23-2(L) and 23-3

Dear Ms. Anowi:

Please accept this Response to Appellee's Rule 28(j) letter dated July 22, 2024.

Two of the decisions—*United States v. Tipton*, 95 F.4th 831 (4th Cir. 2024), and *United States v. Daughtry*, No. 23-11695, 2024 WL 2182343 (11th Cir. 2024)—suffer from the same deficiencies as prior caselaw relied upon by Appellee and fail to account for the arguments raised by Appellants. Specifically:

- *Tipton* inexplicably departs from this Circuit's precedent dictating that, when a 18 U.S.C. § 924(c) conviction is potentially supported by a valid and an invalid predicate offense, a court "must assume" that the relevant predicate is the least serious of the two. Reply Br. 16–19 (citing *United States v. Runyon*, 994 F.3d 192 (4th Cir. 2021)). Because *Tipton* was not decided en banc, and there has been no relevant intervening Supreme Court decision, *Runyon* controls, *see id.* 19–20, and *Tipton* is neither "pertinent" nor "significant," F.R.A.P. 28(j).

- *Daughtry* holds that federal carjacking constitutes a crime of violence notwithstanding *Borden v. United States*, 593 U.S. 420 (2021), but merely affirms pre-*Borden* jurisprudence without addressing Appellants' argument that two unique features of federal carjacking— the conditional intent element, which can be satisfied by the reckless or negligent use of

1

force, and the fact that carjacking by intimidation merely requires conduct capable of putting a "reasonable person" in fear, regardless of intent—cannot be squared with *Borden*'s holding requiring a use or threat of force that is simultaneously accompanied by an intent to apply that force or threatened force against another. *See* Initial Br. 23–29; Reply Br. 10–14. *Daughtry* is neither "pertinent" nor "significant."

The third decision, *United States v. Whitley*, 105 F.4th 672 (4th Cir. 2024), actually *supports* Appellants' position under *Borden* by affirming that carjacking requires only a conditional intent to cause death or serious bodily injury "if necessary to steal the car," *id.* at 682, which would not require that force or the threatened use of force be knowingly or purposefully employed. Initial Br. 23–29; Reply Br. 10–14.

Respectfully submitted,

<table>
<tr><td>

*/s/ Peter Williams*
Peter Williams
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520

*Counsel for Appellant, Chadrick Fulks*

</td><td>

*/s/ Leticia Marquez*
Leticia Marquez
Lindsey Layer
Assistant Federal Public Defenders
Federal Public Defender's Office
District of Arizona
407 W. Congress Street, Suite 501
Tucson, Arizona 85701
(520) 879-7622

*Counsel for Appellant, Brandon Basham*

</td></tr>
</table>

Dated: July 25, 2024

## CERTIFICATE OF SERVICE

I, Peter Williams, hereby certify that on this date I served the foregoing document by ECF filing on the following party:

Thomas E. Booth
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Penn. Ave., Room 1511
Washington, DC 20530


*/s/ Peter Williams*
PETER WILLIAMS

Dated: July 25, 2024